[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 16327
Plaintiff James Coope and others appeal the decision of the zoning board of appeals of the town of Suffield, which reversed a decision of the town's zoning enforcement officer. The board acted pursuant to General Statutes §§ 8-6, 8-7 and 8-7d. The plaintiff appeals pursuant to § 8-8. The court finds in favor of the defendants.
The first issue the court must resolve is whether the plaintiff is aggrieved by the board's decision. The defendants contend that the plaintiff is not aggrieved because he was not a party to the proceedings before the board. This argument may not be sustained.
Connecticut General Statutes Sec. 8-8 (b) provides that "any person aggrieved by any decision of (the zoning board of appeals) may take an appeal to the superior court." Section 8-8 (a)(1) provides that "an `aggrieved person' includes any person owning land that abuts or iswithin a radius of one hundred feet of any portion of the land involvedin the decision of the board." (Emphasis added). At the hearing before the court, the plaintiff submitted testimony and other evidence to establish that he owns land across the street from the land involved in the decision of the board and within one hundred feet of that land. Accordingly, the court finds that the plaintiff is aggrieved and has standing to bring this appeal.
The property in question is located at 2815 Mountain Road in Suffield within an R-90 zoning district. Applicable zoning regulations permit the use of the property for "farm use" in addition to residential use. The property is owned by defendant Melrose Development Company, Inc. Defendant Vasihos Akkouris d/b/a GM Game Farm is the sole tenant and operates a business breeding and raising pheasants for sale.
On November 29, 1999, the town's zoning enforcement officer (ZEO), acting in consultation with the town's zoning and planning commission, issued an order to defendant Akkouris directing him to cease and desist from operating the pheasant business without first obtaining a special permit from that commission. The ZEO based his order on the commission's earlier determination that the pheasant business is a "commercial animal farm" and thus regulated by section 4.21.14 of the Suffield Zoning Regulations. That section requires' a special permit for the designated use.
Defendant Akkouris appealed the ZEO's order to the defendant zoning board of appeals. Following a hearing, the board concluded that the CT Page 16328 breeding and raising of pheasants for sale constituted a "farm use," which is regulated by section 4.21.11 of the zoning regulations. That section permits the operation of a farm in an R-90 zone as of right and does not require a special permit from the zoning and planning commission. Accordingly, the board sustained Akkouris' appeal, reversing the ZEO's order. It is that decision of the board which is the subject of this appeal.
In his brief and at oral argument, plaintiff Coope advances two principal arguments in support of his appeal: 1) that the board does not have the authority to overrule the zoning commission's interpretation of the zoning regulations and 2) in the alternative, the board erroneously concluded that the operation of the pheasant business constituted a "farm use" and not, therefore, subject to the special permit requirement.
A review of C.G.S. sec. 8-6 (a) disposes of the plaintiff's first argument. That statute provides, in relevant part, "(a) The zoning board of appeals shall have the following powers and duties: (1) To hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of . . . any . . . (zoning) ordinance or regulation."
The plaintiff contends that section 8-6 does not apply in this case because the ZEO was not acting on his own initiative and discretion but, rather, was carrying out an interpretation of the zoning regulations made by the commission. In effect, the plaintiff argues, it was the decision of the commission, not that of the ZEO, which was the subject of Akkouris's appeal to the board. Since the statute does not authorize appeals of commission decisions to the board, the argument continues, the board had no authority to take the action it did in this case.
The plaintiff's argument cannot be squared with the plain language of section 8-6 of the statutes as set forth above. The ZEO is plainly the "official charged with the enforcement" of section 4.21.14 of the zoning regulations, which is the regulation that was the basis of the cease and desist order. The ZEO's position and duties, therefore, bring any enforcement order that he issues within the jurisdiction of the board for review on appeal. The statute makes no distinction between orders that the ZEO might issue "on his own" and those that he might issue based on an interpretation of the regulations by the zoning commission. Indeed, inasmuch as the ZEO is an employee of the commission, it is reasonable to assume that all orders of the ZEO are issued with the intention of enforcing the regulations as interpreted by the commission. If such orders were held to be exempt from appeal to the board, as urged by the plaintiff here, the plain purpose of section 8-6 (a)(1) would be essentially nullified. The court must avoid an interpretation of a CT Page 16329 statute that contains such a self-contradiction. For these reasons, the court concludes that C.G.S. 8-6 authorizes an appeal of an order of a zoning enforcement officer to the zoning board of appeals whether the order was issued by the officer on his own initiative or after consultation with the zoning commission.
The plaintiff's second argument in support of his appeal essentially attacks the board's interpretation of the zoning regulations, in particular sections 4.21.11 and 4.21.14. The plaintiff contends that the board erroneously determined that the pheasant business comes within section 4.21.11 (farm use) rather than 4.21.14 (commercial horse or animal farm).
The record in this case indicates that the board's determination that the pheasant business is not a "commercial horse or animal farm," regulated under section 4.21.14 of the zoning regulations, was based in part on testimony at the hearing concerning prior interpretations of that regulation by members of the zoning commission. The board's determination that the activity instead constituted a "farm use" was based in part on the reasoning of this court in Reed v. Zoning Board of Appeals, Town ofSuffield, Docket No. CV97 057 20 91, Superior Court, Judicial District of Hartford (March 4, 2000, Maloney, J.) In that case as in this one, the issue was whether a particular use constituted a "farm use" within the meaning of the Suffield zoning regulations. The court held that the zoning regulations, being broadly worded, require resort to the general. statutes, specifically C.G.S. 1-1 (q), in order to determine whether a particular use falls within the definition of "farm use."
General Statutes § 1-1 (q), defines the term "farming." As it pertains to this case, the statute reads as follows:
 [T]he words "agriculture" and "farming shall include . . . raising, shearing, feeding, caring for, training and management of livestock, including horses, bees, poultry, fur bearing animals and wildlife. . . ."
See also Zoning Commission v. Lescynski, 188 Conn. 724, 730 (1982), where the court accepted arguendo the proposition that this statutory definition is applicable in interpreting zoning regulations.
As noted, the record in this case indicates that board members focused on the statutory definition of "farming" in reaching the conclusion that Akkouris's pheasant raising business comes within the term "farm use" as that term is used in the Suffield zoning regulations.
The law grants to the board considerable discretion in interpreting and CT Page 16330 applying relevant zoning regulations.
 Generally, it is the function of a zoning board . . . to decide within prescribed limits and consistent with the exercise of [its] legal discretion, whether a particular section of the zoning regulations applies to a given situation and the manner in which it does apply. The trial court [has] to decide whether the board correctly interpreted the section [of the regulations] and applied it with reasonable discretion to the facts. In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its decision will not be disturbed unless it is found to be unreasonable, arbitrary or illegal. [U]pon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons . . . The burden of proof is on the plaintiff to demonstrate that the board acted improperly. Spero v. Zoning Board of Appeals, 217 Conn. 435, 440
(1991).
In the present case, the board determined that the pheasant raising business conducted by defendant Akkouris constituted a "farm use," based on the statutory definition of that term, and that the use of the property is accordingly regulated by section 4.21.11 of the Suffield zoning regulations. As noted, such a use does not require a special permit, and the board concluded, therefore, that the ZEO's order could not be affirmed. The court finds that the board's decision is supported by facts in the record and that it is a reasonable application of the town's zoning regulations to those facts. Accordingly, the board's decision must be affirmed.
The plaintiffs' appeal is dismissed.
Maloney, J.